FILED 10 MAY '11 08:55 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 10-397-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KENNETH THEODORE MATTIX, | |
| Defendant. | |

HAGGERTY, District Judge:

Defendant is charged with failing to register as a sex offender, or failing to update a registration, between August 20, 2010, and September 7, 2010. Defendant filed a motion to dismiss the indictment on the grounds that the Sex Offender Registration and Notification Act (SORNA or the Act) is inapplicable to him. This court heard oral argument on this motion on April 19, 2011, and then took the matter under advisement. For the following reasons, defendant's Motion to Dismiss Indictment for Failure to State a Crime [14] is DENIED.

## STATUTORY BACKGROUND

Congress enacted SORNA on July 27, 2006 as part of the Adam Walsh Child and Protection Safety Act, to provide a more comprehensive and effective scheme for sex offender

1 - OPINION AND ORDER

registration throughout the nation. *Carr v. United States*, 130 S. Ct. 2229, 2232 (2010) (citing Pub. L. 109-248, Tit. I, 120 Stat. 590); 42 U.S.C. §§ 16901-91. SORNA requires any person who has been "convicted of a sex offense" to register "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 18 U.S.C. § 2250; 42 U.S.C. §§ 16911, 16913(a). The sex offender must also stay current with his or her registration by informing the jurisdiction of all changes to information within three business days after each "change of name, residence, employment, or student status[.]" § 16913(c). A person who knowingly fails to register when he or she is required to do so under SORNA can be prosecuted in federal court. 18 U.S.C. § 2250.

Section 16913(d) of SORNA provides the Attorney General with "the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of [SORNA]." 42 U.S.C. § 16913(d). The Attorney General is also tasked with issuing guidelines and regulations to interpret and implement SORNA. § 16912(b).

Pursuant to his authority, former Attorney General Alberto Gonzales issued an "Interim Rule" that applied SORNA's failure to register provision retroactively "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3 (2007).

The Attorney General also published proposed guidelines for interpreting SORNA, referred to as the "SMART" guidelines because they were issued by the Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking. 72 Fed. Reg. 30,210 (May 30, 2007). These proposed SMART guidelines provided that "SORNA's requirements apply to all sex offenders, including those whose convictions predate the enactment of the Act." *Id.* at

2 - OPINION AND ORDER

30,212. Comments on the proposed SMART guidelines were accepted through August 1, 2007. *Id.* at 30,210.

After considering comments submitted during the notice and comment period, final SMART guidelines were issued on July 2, 2008 that also applied SORNA's registration requirements to "all sex offenders, including those whose convictions predate SORNA's enactment." 73 Fed. Reg. 38,030, 38,046 (July 2, 2008) (citing Interim Rule).

A Final Rule was issued in December 2010, to specify that the "requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required before the enactment of that Act." 75 Fed. Reg. 81,849, 81,850 (Dec. 29, 2010). The Final Rule became effective on January 28, 2011. *Id.* The Attorney General explained that the final SMART guidelines already applied SORNA to all sex offenders regardless of when they were convicted, but he finalized the rule to "eliminate any possible uncertainty or dispute concerning the scope of SORNA's application." *Id.*

## FACTUAL BACKGROUND

Defendant is eighty years old. He was twice convicted of multiple sex offenses, and received sentences totaling over twenty years of imprisonment. Defendant filled out his first sex offender registration while still in prison. Defendant filed his first post-release registration form on November 29, 2004, and renewed his registration at least sixteen times in Oregon.

At sometime between August 20, 2010, and September 7, 2010, defendant moved from the District of Oregon. Defendant was arrested in Nevada on September 7, 2010. The government alleges that defendant neither notified the District of Oregon of his move, nor registered as a sex offender in Nevada. On October 6, 2010, a grand jury returned a one count

3 - OPINION AND ORDER

indictment against defendant, charging him with failing to register or failing to update a registration as required by SORNA, in violation of 18 U.S.C. § 2250(a).

## DISCUSSION

Defendant now moves to dismiss the indictment in this case. Defendant asserts that SORNA's registration requirements are inapplicable to persons, like defendant, whose convictions predate the Act. Defendant argues that the Interim Rule and the SMART guidelines failed to make SORNA retroactive, and the Final Rule was not in effect during the time he allegedly failed to register.

The government does not dispute that the Interim Rule and the Final Rule are inapplicable to this case. Instead, the government contends that the final SMART guidelines made SORNA applicable to defendant. This court agrees.

Although a conflict exists among the Circuit courts regarding the validity of the Interim Rule, *Carr*, 130 S. Ct. at 2234 n.2 (discussing conflict and citing cases), this court is bound by the law of the Ninth Circuit. In *Valverde*, the Ninth Circuit held that the Attorney General failed to follow the notice-and-comment requirements of the Administrative Procedure Act (APA) in issuing the Interim Rule. *United States v. Valverde*, 628 F.3d 1159, 1168-69 (9th Cir. 2010). The APA generally requires an agency to issue a rule through a three-step process that includes: (1) giving notice of the proposed rule by publication in the Federal Register, (2) waiting thirty days to obtain any public comments, and (3) publishing the final rule in the Federal Register not less than thirty days before the rule's effective date. *Id.* at 1162 (citing 5 U.S.C. § 553(d)(3)). The Ninth Circuit held that the Attorney General did not comply with the notice and comment requirements, and did not properly invoke the good cause exception to bypass the APA's procedures. *Id.* at 1163-64.

4 - OPINION AND ORDER

Before it invalidated the Interim Rule, however, the Ninth Circuit observed that the proposed and final SMART guidelines were also potential mechanisms for making SORNA retroactive. *Id.* at 1164. The Ninth Circuit explained that the proposed SMART guidelines did not carry the force of law, but "[t]he final SMART guidelines complied with the APA's procedural requirements[.]" *Id.* The court did not apply the final SMART guidelines to the defendant in that case because they were not in effect at the time of the act charged in the indictment. *Id.* Nevertheless, the court pronounced its view that "SORNA did not become effective against pre-enactment offenders . . . until August 1, 2008, thirty days after publication of the final SMART guidelines along with the Attorney General's response to comments." *Id.* at 1169.

Defendant asserts that the Ninth Circuit's statement in *Valverde* is non-binding dicta, and asks this court to follow an unpublished opinion from the district court for the Eastern District of Michigan. *See United States v. Stevenson*, No. 09-cr-20306, 2009 U.S. Dist. LEXIS 118409 (E.D. Mich. Dec. 14, 2009). In *Stevenson*, the defendant was convicted of a sex offense prior to the enactment of SORNA. *Id.* at *2. After several years of proper registration, the defendant failed to register in 2009 when he moved from Louisiana to Michigan. *Id.* at *3. The district court held that the Interim Rule did not make SORNA retroactive because it failed to comply with the APA's procedures. *Id.* at *9-14 (citing *United States v. Cain*, 583 F.3d 408 (6th Cir. 2009)).

The court also concluded that the SMART guidelines could not apply SORNA to the defendant because they "were not promulgated for the purposes of making § 16913 applicable to persons convicted prior to July 27, 2006." 2009 U.S. Dist. LEXIS 118409 at *16-17. The court opined that the SMART guidelines were issued pursuant to authority under § 16912(b), which

5 - OPINION AND ORDER

required the Attorney General to issue regulations to interpret and implement SORNA. *Id.* at *17. The court looked to the text of the guidelines and found that the Attorney General never invoked his discretionary authority under § 16913(d) to make SORNA retroactive. *Id.* at *18-19. Therefore, the court held that the Attorney General's attempt to make SORNA retroactive using his § 16912(b) authority was invalid. *Id.*

Although defendant relies on the *Stevenson* court's reasoning, no other court has followed this analysis. Rather, one year later, the Sixth Circuit—in which the *Stevenson* court sits—held that the final SMART guidelines complied with the APA and made SORNA retroactive. *United States v. Utesch*, 596 F.3d 302, 310-11 (6th Cir. 2010). The Sixth Circuit explained that SORNA "became effective against offenders convicted before its enactment thirty days after the final SMART guidelines were published: that is, on August 1, 2008." *Id.* at 311. Like the Ninth Circuit in *Valverde*, the Sixth Circuit could not apply the final SMART guidelines to the defendant's conduct in that case because he was charged with failing to register before 2008. *Id.* The Sixth Circuit, however, noted that a defendant with a conviction that predated SORNA could be prosecuted for failing to register after August 1, 2008. *Id.* at n.9 (citing *United States v. Coleman*, No. 9-30-ART, 2009 WL 4255545, at *1-2 (E.D. Ky. Nov. 24, 2009) (denying motion to dismiss where the government alleged that the defendant failed to register through April 2009)).

Other courts have agreed with the decisions in *Valverde* and *Utesch* that on August 1, 2008, SORNA's registration provision became applicable to sex offenders whose convictions predate the Act. *See, e.g., United States v. Cotton*, No. 10-126(JDB), 2011 WL 180196, at *4 (D. D.C. Jan. 20, 2011) ("[T]his Court rules that SORNA's effective date for persons with

6 - OPINION AND ORDER

pre-SORNA sex-offense convictions . . . is August 1, 2008."); *Sipple v. United States*, 726 F. Supp. 2d 813, 817 (S.D. Ohio 2010) (same).

In this circuit, district courts follow the Ninth Circuit's guidance in *Valverde. See, e.g., United States v. Dejarnette*, No. C 09-00268 SI., 2011 WL 838898, at *1 (N.D. Cal. Mar. 4, 2011) ("[T]he Ninth Circuit held in a different case that, for persons who were convicted of sex offenses prior to SORNA's enactment, SORNA's registration requirements became effective only on August 1, 2008."); *United States v. Caccavallo*, No. CV 11-35-M-DWM, 2011 WL 772385, *3 (D. Mont. Feb. 25, 2011) (noting that SORNA was held to be enforceable by *Valverde* as of August 1, 2008). Since *Valverde*, the Ninth Circuit has reiterated that SORNA's registration requirements became effective on August 1, 2008 for persons who were convicted of sex offenses prior to SORNA's enactment. *See United States v. Dietrich*, No. 09–30138, 2011 WL 178804, at *1 (9th Cir. Jan. 19, 2011) (unpublished). This court finds no reason to depart from *Valverde*.

Notwithstanding defendant's arguments, this court is bound by the Ninth Circuit's rulings. Accordingly, because defendant was charged with failing to register or failing to update a registration after August 1, 2008, the Indictment has stated a crime.

## CONCLUSION

For the reasons provided, defendant's Motion to Dismiss Indictment for Failure to State a Crime [14] is DENIED.

IT IS SO ORDERED.

DATED this 10 day of May, 2011.

Ancer L. Haggerty
United States District Judge

7 - OPINION AND ORDER